Dear Mr. Dupleix:
You have requested an opinion of the Attorney General relative to the ad valorem tax liability and/or exemption of properties owned by a private individual, and leased to a nonprofit religious and scientific research organization (Church). The lease stipulates that the lessee/Church is responsible for the payment of ad valorem taxes on the property assessed to the lessor. You specifically ask whether the church is exempt from the payment of these taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the assessor, the Louisiana Tax Commission and ultimately, the courts. Attorney General Opinion Nos. 96-438, 94-603, 94-602, 92-660, 89-599 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you relative to the applicable law which may be used in making individual determinations.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any plausible doubt is fatal to the exemption. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991) writ denied.
In answer to your question, we refer you to Article VII, Section21 of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation. . . . (Emphasis added).
Section 21 continues by listing specific classifications of property deemed to be exempt. As emphasized, Section 21 states that "no other" property than that provided for therein shall be tax exempt. A review of the property classifications enumerated in Section 21 reveals no exemption for properties owned by a private individual merely because they are leased to an entity that would otherwise be tax exempt (i.e. the Church). It is axiomatic that a tax exemption is granted to the property and benefits the owner thereof, having no direct bearing on a lessee. Attorney General Opinion Nos. 96-438, 94-603, 79-343 and 75-1399. Accordingly, this office has previously opined that property leased from a non-exempt entity is not entitled to a tax exemption even though the property is being used for religious, charitable or public purposes. Attorney General Opinion Nos. 96-438, 94-602, 92-361, 86-12 and 79-861.
It is therefore the opinion of this office that, if the owner of the property does not fall within one of the tax exempt classifications enumerated in Article VII, Section 21, the property can not be exempt from ad valorem tax liability even though it is being leased to an otherwise tax exempt organization. Thus, the property owner/lessor remains responsible for the payment of the ad valorem taxes. The fact that a lease stipulates that the lessee will be responsible for the payment of ad valorem taxes does not relieve the property owner from his/her tax liability, as same is reflected on the tax rolls. It is the responsibility of the property owner to seek payment and/or reimbursement from the lessee for the ad valorem taxes owed by the lessor.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/dra
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General